```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                    NORTHEASTERN DIVISION
```

FILED
01 JUL -9 PM 2:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DELPHINE WEIMAR, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No: CV-00-S-3749-NE |
| NELSON BROTHERS MANAGEMENT SERVICES, INC. | ) |
| Defendant. | ) |

ENTERED
9 2000

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss for lack of prosecution, or, in the alternative, motion to compel. (Doc. no. 11.) Upon consideration of the motion, plaintiff's response, and defendant's reply, this court finds that defendant's motion to dismiss is due to be denied, but that its motion to compel is due to be granted.

This employment discrimination action was filed on December 29, 2000. Counsel for both parties met on March 9, 2001, and conducted the planning meeting required by Rule 26. Counsel agreed they would exchange initial disclosures by March 23, 2001. (Doc. no. 6.) This court then entered a scheduling order providing that all discovery must be commenced in time to be completed by October 12, 2001. (Doc. no. 8.)

On March 22, 2001, plaintiff filed her initial disclosures,



which included only the plaintiff's address (actually that of her attorney), and a listing of her asserted damages: *i.e.*, 1) $10,000 in actual losses; 2) $300,000 in compensatory damages for pain, suffering, and emotional distress; and 3) $50,000 in attorney fees. Plaintiff did not, however, provide any documentation supporting her claim for damages. Indeed, she did not disclose any documents, merely noting that they will "be made available throughout the process of discovery."

Counsel for defendant spoke with counsel for plaintiff on May 31, 2001. Plaintiff's counsel told defendant's counsel that he had been unable to contact the plaintiff, and was considering dismissing the action. On June 7, 2001, counsel for defendant received incomplete discovery responses from counsel for plaintiff. Defendant then filed the present motion to dismiss for lack of prosecution or, in the alternative, to compel on June 12, 2001. Defendant asserts that plaintiff failed to produce documents pursuant to the initial disclosure requirement, failed to completely respond to interrogatories and request for production of documents, and failed to provide a date on which she could be deposed.

Plaintiff responded to defendant's motion on June 21, 2001. Her attorney explained that plaintiff is a truck driver who often

is "on the road," and that she can be contacted only through a satellite system.[1] Counsel for plaintiff contends he has provided, or soon will provide, all documents in plaintiff's possession. Further, he asserts that a deposition of plaintiff is scheduled for July 20, 2001.

Still, defendant requests that this court dismiss this action or compel plaintiff to produce the requested information and documents. Rule 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." A district court may dismiss an action for failure to prosecute only upon a showing of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth*, 766 F.2d at 1535.

Here, plaintiff has not been so dilatory as to warrant the harsh sanction of dismissal. Nevertheless, defendant is entitled to the requested information. Accordingly, defendant's motion to

---

[1] Plaintiff's response to defendant's motion, ¶ 1.

3

dismiss is due to be denied, but its motion to compel is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this the 9th day of July, 2001.

United States District Judge